UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE NEGRETE,<br><br>        Plaintiff,<br><br>    v.<br><br>JULIE DONG, et al.,<br><br>        Defendants. | No.  2:21-cv-0429 CKD P<br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge.  See 28 U.S.C. § 636(c).

      Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

/////

1 | the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
2 | exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3 |       The court is required to screen complaints brought by prisoners seeking relief against a
4 | governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5 | court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6 | "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7 | monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8 |       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9 | Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10 | Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
11 | indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
12 | 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13 | pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14 | Cir. 1989); Franklin, 745 F.2d at 1227.

15 |       In order to avoid dismissal for failure to state a claim a complaint must contain more than
16 | "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
17 | of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
18 | "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
19 | statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
20 | upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
21 | claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
22 | the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.
23 | at 678.  When considering whether a complaint states a claim upon which relief can be granted,
24 | the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and
25 | construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
26 | U.S. 232, 236 (1974).
27 | /////
28 | /////

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law. Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

In his first claim, plaintiff asserts a violation of the Eighth Amendment with respect to mental health treatment. Denial or delay of medical care can violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A violation occurs when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs. Id. In claim 2, plaintiff asserts he was subjected to harmful conditions of confinement. Under the Eighth Amendment prison officials have a duty to not subject prisoners to harmful conditions. Farmer v. Brennan, 511 U.S. 825, 833 (1994). A prison official may be held liable for an injury which is the result of the official's deliberate indifference to a substantial risk of serious harm. Id. at 834, 837.

Essentially, plaintiff claims defendants, who are all mental health professionals, denied him adequate medical treatment and submitted plaintiff to harmful conditions of confinement by not taking any action with respect to plaintiff's repeated requests that he be celled alone. But, plaintiff's allegations do not amount to at least deliberate indifference to either plaintiff's medical needs or a substantial risk of serious harm as plaintiff fails point to anything suggesting any defendant had any reason to believe that housing plaintiff with another inmate would amount to a violation of the Eighth Amendment except for plaintiff's self-serving description of his condition to defendants. See Villiarimo v. Aloha Island Air. Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (court may find that uncorroborated and self-serving testimony does not establish a genuine issue of material fact for purposes of a motion for summary judgment). Also, it is not clear how defendants, as mental health professionals, interact with custodial staff to determine whether an inmate should have a cellmate. It appears defendants may have some input but are not the ultimate decision makers. Plaintiff does not suggest that he could not provide information concerning his mental health to custodial staff in an effort to be free of a cellmate.

Under 42 U.S.C. § 1997e(a) "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

3

prison, or other correctional facility until such administrative remedies as are available are exhausted." Plaintiff admits that he did not exhaust administrative remedies with respect to some or all of his claims. Plaintiff is informed that if he did not exhaust administrative remedies because the process was not available to him, he must describe with particularity why the process was not available.

It appears plaintiff holds defendants at least partially responsible for plaintiff's killing of his cellmate. Criminal proceedings against plaintiff with respect to the killing of his cellmate appear to be ongoing in People v. Negrete, Superior Court of Sacramento County case number 19 FE 019198. Plaintiff is informed that when a civil plaintiff brings claims under § 1983 that are "related to rulings that will likely be made in a pending or anticipated criminal trial," it is "common practice" for the court "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 549 U.S. 384, 393–94 (2007).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket

1  number assigned this case and must be labeled "Amended Complaint." Failure to file an
2  amended complaint in accordance with this order will result in a recommendation that this action
3  be dismissed.

4  Dated: September 14, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
negr0429.14